DA 10-0642

IN THE SUPREME COURT OF THE STATE OF MONTANA

2011 MT 172N

CHRISTINA M. STEELE, Personal Representative
of the Estate of WILLIAM C. REMIOR, Deceased,

        Plaintiff and Appellees,

  v.

JOSEPH D. ROBERTSON and CARRI ROBERTSON,

        Defendants and Appellants.

APPEAL FROM:    District Court of the Fifth Judicial District,
                In and For the County of Jefferson, Cause No. DV 08-10946
                Honorable Loren Tucker, Presiding Judge

COUNSEL OF RECORD:

        For Appellants:

                Joseph D. Robertson and Carri Robertson (Self-Represented),
                Basin, Montana

        For Appellee:

                Alice J. Hinshaw, Hinshaw Law Firm, Helena, Montana

                        Submitted on Briefs:  June 15, 2011

                                  Decided:  July 19, 2011

Filed:

                _____
                             Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent.  Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      Joseph and Carri Robertson (the Robertsons) appeal *pro se* the Judgment of the District Court for the Fifth Judicial District, Jefferson County, awarding damages and reasonable attorney's fees to the Estate of William Remior[1] (Remior) on Remior's cause of action over the Robertsons' alleged breach of the Settlement Agreement and Mutual Release (the Agreement) the parties entered into regarding a dispute over their business relationship.

## Factual and Procedural Background

¶3      In January 2007, the parties entered into a business relationship involving certain mining claims.  By April, the parties were involved in a dispute surrounding their business relationship.  On October 9, 2007, the parties entered into the Agreement wherein the Robertsons agreed, among other things, to remove a large mobile home from Remior's property and to repair Remior's fence, all before November 9, 2007.  While Remior performed all of his obligations under the Agreement, the Robertsons did not remove the mobile home or repair the fence by the agreed upon date.  Thus, in the spring

---

[1]  Remior passed away on February 26, 2010, and his estate was substituted as plaintiff in this matter.

of 2008, Remior paid a contractor $6,129 to remove the mobile home from his property and to repair the fence.

¶4   Remior brought this action in July 2008 to recover damages resulting from the Robertsons' failure to comply with the Agreement. The Robertsons answered and counterclaimed demanding a jury trial. The record in this matter indicates that the Robertsons repeatedly failed to follow the District Court's scheduling order, the directives of the court in general, and the Montana Rules of Civil Procedure. Hence the court twice sanctioned the Robertsons for these failures. On May 6, 2009, the court granted partial summary judgment in Remior's favor on the issue of liability, while the issue of damages was reserved for trial.

¶5   Twice the Robertsons moved to continue the scheduled jury trial within days of the time the trial was to begin. In both instances, the court had already drawn a jury panel. In addition, the Robertsons failed to appear at a pretrial conference and then later complained that the pretrial conference should not have proceeded without them. At the pretrial conference, the Judge expressed his concern about balancing the Robertsons' right to a jury trial with Remior's right to proceed on his claim. Following the pretrial conference, the District Court issued a Minute Entry wherein he indicated that he converted the jury trial to a bench trial. While the Robertsons objected to the pretrial conference, they made no attempt to explain their failure to appear or to show good cause why the matter should be heard before a jury.

¶6 This matter finally proceeded to trial on November 3, 2010. Upon hearing all the evidence and the arguments of the parties, the court awarded Remior damages, attorney's fees, and costs. The Robertsons appeal the District Court's Judgment.

**Discussion**

¶7 In their brief on appeal, the Robertsons make a number of unsupported allegations claiming bias on the part of the Judge and ex-parte communications between the Judge and opposing counsel. In addition, the Robertsons fail to list exactly what issues they are appealing or to cite to any authority supporting the claims they advance on appeal. We have repeatedly held that it is not this Court's obligation to locate authorities or formulate arguments for the parties in support of their positions on appeal. *Leichtfuss v. Dabney*, 2005 MT 271, ¶ 38 n.8, 329 Mont. 129, 122 P.3d 1220.

¶8 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. Having reviewed the briefs and the record on appeal, we conclude that the Robertsons have not met their burden of persuasion.

¶9 In addition, the Judgment signed by the District Court Judge (Docket no. 88) lists different amounts for the award to Remior for damages, attorney's fees, and costs than does the copy of the Judgment attached to the Notice of Entry of Judgment containing the Judge's stamped signature (Docket no. 89). The District Court file does not contain any document stating why there are different versions of the Judgment or why there is a difference in the amount of the award. Consequently, we remand this matter to the District Court for entry of an amended judgment clarifying the award.

4

¶10    Affirmed and remanded for further proceedings consistent with this Opinion.


/S/ JAMES C. NELSON


We Concur:


/S/ MIKE McGRATH
/S/ MICHAEL E WHEAT
/S/ JIM RICE
/S/ BRIAN MORRIS